By the Court, Cowen, J.
It was held in the Year Book, (27 H. 8, 21, case 11,) that, in trespass de bonis, a plea that the goods were not the plaintiff’s property was bad. The same thing was afterwards admitted jn Wildman v. Norton, (1 Ventr. 249; 2 Lev. 92, S. C. nom. Wildman v. North.) I believe it has never been denied. Chitty says that “ the defendant cannot plead property in a stranger or himself, because that goes to contradict the evidence which the plaintiff must adduce on the general issue in support of his case.” (1 Chit. Plead. 527, Am. ed. of 1840.) The usual test of an objection that the plea amounts to the general issue is, whether it takes away all color for maintaining an action, by fixing a negative upon the plaintiff’s right in the first instance. Thus, in trespass quare clausum fregit, the defendant pleading title in a third person, a demise to himself and an entry under that demise, this plea was held bad, because it shewed a right of possession in the defendant at the time when he entered and committed the trespass complained of. (Collett v. Flinn, 5 Cowen, 466.) So, a plea that he entered under a licence from such third person. (Underwood v. Campbell, 11 Wend. 78.) Such a plea standing alone, virtually says, that the defendant did not commit any trespass in the plaintiff’s close; and is, therefore, but another mode of pleading not guilty. It absolutely and necessarily denies all possessory right in the plaintiff, the contrary of which he must maintain, or he is not entitled to sue. Such a plea is said, by the books, in itself to take away all color or pretence for an action; and therefore, to be maintainable as a special plea, it must surmise some possession in the plaintiff, at the time, under color of a defective title. Taking away, in itself, all implied color, it *268 must, in the manner mentioned, substitute what is called express color. (1 Chit. Plead. 529, Am. ed. of 1840. 5 Cowen, 167, 8, note.)
The same rule of pleading has been applied to trespass de bonis. (1 Chit. Plead. 530, Am. ed. of 1840, Leyfield’s case, 10 Rep. 90.) Chitty says, a plea that A. was possessed of the goods in question as of his own proper goods, amounts to a denial that the plaintiff had any -property in them, and therefore gives no color of action in itself. To remedy this defect, it must surmise that the defendant bailed the goods to a stranger, who delivered them to the plaintiff, from whom the defendant took them; or,t a- possession of the plaintiff under some other defective title. (Vid. Fletcher v. Marillier, 9 Adolph. & Ellis, 457.) It is peculiar to the action of trespass, that the defendant may surmise such possession, setting up a mere fiction, not traversable, and thus turn what would otherwise be defective as amounting to the general issue, into a special plea. (1 Chit. Plead. 530, ed. before cited.)
But if such express color be not given, the plea of property in a stranger, or the defendant, is emphatically defective, in the case of trespass de bonis; for there, especially, no actual possession being expressly shown in the plaintiff, the law intends that it is with the general owner. Accordingly, the common count alleges merely that the things taken were the goods of the plaintiff, without otherwise showing possession. (2 Chit. Pl. 859, Am. ed. 'of 1840.)
In the case at bar, all the pleas demurred to aver that the goods in question were the goods of Corl; each following out the averment with the allegation that the goods were therefore taken by an attachment against Corl. According to the books cited, had the pleas stopped with the averment of property in Corl, giving, as they do, no express color, they would have been bad as amounting to the general issue. Such an averment alone would have cut off all implied color; for it would be saying, they were not the plaintiff’s goods, in manner and form as he has alleged in declaring.
*269 This being so, the farther allegations, showing a lawful authority under the attachment to take them as the goods of Corl, certainly cannot help the pleas. To this, Hallet v. Birt, (12 Mod. 120,) cited by the plaintiff’s counsel on the argument, is, as he supposed, in point against the defendant. The plea there was, that the plaintiff had taken and impounded property belonging to A., at whose suit the defendant, under a warrant directed to him, replevied the property. This was held bad; though the court agreed that if the plea had said, the plaintiff took and detained the property, and so it had been taken by the defendant from the plaintiff's possession, it might have been well enough. That is probably one mode of giving express color.
It was supposed by the defendant’s counsel, on the argument, that the pleas, by not expressly denying the plaintiff’s possession, confessed it, and so there is implied color; whereas it is expressly said, in Wildman v. North, (2 Lev. 92,) that a plea of property in a stranger, with a traverse that the goods belonged to the plaintiff, in trespass amounts to the general issue, though not in replevin. And it is on the authority of this case, among others, that Chitty says, the simple plea of property in a stranger would be bad in trespass. Stephen on Pleading, 179, (Am ed of 1824,) says, the general issue is applicable, if the defendant did take the goods, but they did not belong" to the plaintiff. And it is said in Bacon's Abridgment, (tit. Pleas & Plead. G. pl. 3, p. 372, Am. ed. of 1813,) that if, in trespass, the defendant plead property in a stranger or himself, it amounts to the general issue. (Gould's Plead, pt. 2, ch. 6, § 78, p. 345, 1st ed. S. P.) Such uniform language cannot be accounted for, unless, as I have already supposed, the allegation of property in a third person involves a denial of the plaintiff’s possession.
The objection we have thus examined, applies to all the pleas, and we are of opinion it is well taken.
It is not necessary to say, whether there be any foundation for the other objections of form specified by the demurrers.
Judgment for p1aintiffs.~